JUDGE DARRAH
MAGISTRATE JUDGE VALDEZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**
MAY 13 2015
MICHAEL T. MASON
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

| UNITED STATES OF AMERICA, | ) | No. |
| --- | --- | --- |
| | ) | |
| v. | ) | **15CR 282** |
| | ) | |
| WALTER BEICH | ) | Violations: Title 18, United States Code, Sections 1028A and 1347. |

**FILED**
MAY 13 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COUNTS ONE THOUGH NINE

The SPECIAL SEPTEMBER 2014 GRAND JURY charges:

1. At times material to this indictment:

   a. Defendant WALTER BEICH owned and worked as a licensed pharmacist at Lockport Pharmacy, Inc., doing business as Corwin Pharmacy, in Lockport, Illinois. Corwin Pharmacy was registered in the State of Illinois and held itself out as being a medical provider of pharmaceuticals, including prescription medicines and controlled substances.

   **Blue Cross Blue Shield of Illinois**

   b. Blue Cross Blue Shield of Illinois, located in Chicago, Illinois, was a Division of the Health Care Services Corporation. Blue Cross offered and administered health care benefit programs within the meaning of Title 18, United States Code, Section 24(b), including programs in which prescription medications and pharmacy services were provided to individuals who were Blue Cross subscribers.

c. Blue Cross utilized the services of Prime Therapeutics, LLC, as a third-party pharmacy benefit manager to administer the Blue Cross prescription drug program.

d. Prime Therapeutics was located in Minnesota.

e. Corwin Pharmacy was an enrolled provider of pharmacy services to Blue Cross and was eligible for reimbursement for covered prescription drugs that were dispensed.

f. As an enrolled provider of prescription drugs to Blue Cross subscribers, Corwin Pharmacy was required to submit certain information electronically to Prime Therapeutics for each reimbursement claim. Required claim information included: the subscriber's name; his/her subscriber insurance number; his/her date of birth; the date the prescription was filled; a National Drug Code number identifying the product/drug dispensed; the metric quantity of prescription drug dispensed; the identification number of the prescribing provider (either the DEA or NPI numbers); the charge for each prescription provided; and the pharmacy/provider's assigned provider number or tax identification number.

g. The specific dollar amount (if any) that Blue Cross would pay on any claim submitted by enrolled providers of prescription drugs depended on certain criteria, including that the drug must have been dispensed to a subscriber.

h. Prime Therapeutics paid on submitted claims either by check sent by United States mail or by electronic direct deposit.

2

## Humana

i. Humana, Inc., based in Louisville, Kentucky, offered and administered health care benefit programs within the meaning of Title 18, United States Code, Section 24(b), including programs in which prescription medications and pharmacy services were provided to individuals who were Humana subscribers.

j. Humana operates a pharmacy benefit manager known as Humana Pharmacy Solutions.

k. Corwin Pharmacy was an enrolled provider of pharmacy services with Humana Pharmacy Solutions.

l. As an enrolled provider of prescription drugs to Humana, Corwin Pharmacy was required to submit certain information electronically to HPS for each reimbursement claim. Required claim information included: the subscriber's name; his/her subscriber insurance number; his/her date of birth; the date the prescription was filled; the location where the prescription was filled; a National Drug Code number identifying the product/drug dispensed; the identification number of the prescribing provider; the metric quantity of prescription drug dispensed; the charge for each prescription provided; and the pharmacy/provider's assigned provider number or tax identification number.

m. The specific dollar amount (if any) that Humana would pay on any claim submitted by enrolled providers of prescription drugs depended on certain criteria, including that the drug must have been dispensed to a subscriber.

n.  Humana paid on submitted claims either by check sent by United States mail or by electronic direct deposit.

### Medicare

o.  Medicare was a national health insurance program pursuant to Title 18 of the Social Security Act. The Centers for Medicare and Medicaid Services, also known as CMS, was a federal agency within the United States Department of Health and Human Services, which administered the Medicare program. Medicare provided free or below-cost health care benefits to certain eligible beneficiaries.

p.  Medicare Part D helped pay for certain medically necessary prescription medication. Medicare Part D authorized payment for certain prescription medication provided to beneficiaries. Medicare Part D would pay for prescription medication only if it was actually provided to beneficiaries.

q.  CMS utilized the services of third-party private prescription drug plan sponsors to administer Medicare Part D claims. One such prescription drug plan sponsor was United Healthcare. United Healthcare utilized the services of Optum Rx, as a third-party pharmacy benefit manager to administer the United Healthcare Medicare Part D prescription drug program.

r.  As a Medicare Part D provider, Corwin Pharmacy was required to submit certain information to pharmacy benefit managers for reimbursement of claims. Required claim information included: the subscriber's name; his/her

Medicare number; date of birth; the date the prescription was filled; a National Drug Code number identifying the product/drug dispensed; the metric quantity of prescription drug dispensed; the charge for each prescription provided; the identification number of the prescribing provider; and the pharmacy/provider's assigned provider number.

**Medicaid**

s. Medicaid was a federal health care program that authorized federal grants to Illinois for medical assistance, including medically necessary prescription drugs to certain eligible low-income and disabled beneficiaries.

t. Pharmacy providers such as Corwin Pharmacy must have enrolled with the Illinois Department of Healthcare and Family Services' Medical Assistance Programs to be eligible for payment by the department and must have been in full compliance with the applicable policies and procedures.

u. Pharmacy providers such as Corwin were required to submit certain information electronically to HFS for reimbursement, including: service provider identification number, date of service, cardholder identification number, cardholder last name, date of birth, prescription number, product identification number, quantity dispensed, fill number, date prescription written, usual and customary charge, prescriber identification number, and prescriber last name.

2. Beginning no later than January 2010, and continuing through approximately February 2013, at Lockport, in the Northern District of Illinois, Eastern Division, and elsewhere,

WALTER BEICH,

defendant herein, knowingly and willfully participated in a scheme to defraud a health care benefit program, namely Medicare, Medicaid, Blue Cross, Humana, and United Healthcare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, which scheme is further described in the following paragraphs.

3. It was part of the scheme that defendant WALTER BEICH caused fraudulent claims for prescription medication to be electronically submitted to health care benefit programs, in that defendant WALTER BEICH falsely represented and caused to be represented that Corwin Pharmacy had dispensed certain prescription medication to health care benefit program subscribers, when in fact Corwin Pharmacy had not dispensed the prescription medications to the subscribers at all or had provided counterfeit and less expensive items to the subscribers. By causing these false and fraudulent claims to be submitted,

defendant WALTER BEICH caused health care benefit programs to pay Corwin Pharmacy no less than approximately $2,400,000 for fraudulent prescription claims.

4. It was further part of the scheme that defendant WALTER BEICH submitted claims for prescription medications, including Abilify, Advair, Flovent, Levaquin, Proair, Provigil, Singulair, Soma, and Welchol, when he knew that the medications were neither prescribed by a doctor nor dispensed to a subscriber.

5. It was further part of the scheme that defendant WALTER BEICH caused his employees to create fake prescriptions so that it falsely appeared that a physician had called in a prescription to Corwin Pharmacy for a subscriber and that Corwin Pharmacy had dispensed the purportedly prescribed medication to a subscriber.

6. It was further part of the scheme that defendant WALTER BEICH submitted claims for refilling various prescription medications when neither the subscriber nor physician requested the refill and no medication was dispensed to the subscriber.

7. It was further part of the scheme that defendant WALTER BEICH submitted claims for dispensing the prescription drugs Lovaza and Niaspan to subscribers, knowing that Corwin Pharmacy had actually dispensed less expensive supplements for fish oil and vitamin B3, also called niacin, to subscribers.

8. It was further part of the scheme that defendant WALTER BEICH submitted claims for dispensing the FDA-approved prescription drug Viagra,

knowing that Corwin Pharmacy had actually dispensed to customer a less-expensive and foreign-sourced drug to subscribers.

9. It was further part of the scheme that defendant WALTER BEICH provided friends and acquaintances with prescription drugs without a prescription and then submitted claims falsely representing that a physician had prescribed the drugs to these individuals.

10. It was further part of the scheme that defendant WALTER BEICH obtained physician sample drugs from certain sources and then submitted insurance claims for dispensing these sample drugs as if he obtained those drugs through commercial distribution channels.

11. It was further part of the scheme that defendant WALTER BEICH caused Corwin Pharmacy records, including prescriptions and signature log sheets, to be altered in an effort to conceal the scheme from health insurance providers and others.

12. It was further part of the scheme that defendant WALTER BEICH did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, the purposes of and acts done in furtherance of this scheme.

13. On or about the dates set forth below, at Lockport, in the Northern District of Illinois, Eastern Division, and elsewhere,

WALTER BEICH,

defendant herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted materially false and fraudulent claims to healthcare benefit programs, namely Blue Cross, United Healthcare, and Humana:

| COUNT | CLAIM DATE | DRUG | BENEFIT PROGRAM | SUBSCRIBER |
|---|---|---|---|---|
| One | 12/04/2010 | Lovaza | United Healthcare | J.L. |
| Two | 09/23/2011 | Niaspan | United Healthcare | J.L. |
| Three | 07/27/2012 | Niaspan | Blue Cross | P.B. |
| Four | 12/04/2010 | Soma | Blue Cross | S.B. |
| Five | 07/15/2010 | Soma | Blue Cross | S.B. |
| Six | 07/09/2011 | Advair | Humana | D.R. |
| Seven | 10/02/2010 | Provigil | Blue Cross | D.R. |
| Eight | 11/11/2010 | Flovent | Blue Cross | D.R. |
| Nine | 01/31/2011 | Levaquin | Humana | D.R. |

In violation of Title 18, United States Code, Section 1347.

## COUNT TEN

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

On or about September 23, 2011, at Lockport, in the Northern District of Illinois, Eastern Division, and elsewhere,

WALTER BEICH,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, the name and date of birth for Subscriber J.L., during and in relation to a felony, namely a violation of Title 18, United States Code, Section 1347, as alleged in Count Two of the indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT ELEVEN

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

On or about July 15, 2010, at Lockport, in the Northern District of Illinois, Eastern Division, and elsewhere,

WALTER BEICH,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, the name and date of birth for Subscriber S.B., during and in relation to a felony, namely a violation of Title 18, United States Code, Section 1347, as alleged in Count Five of the indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWELVE

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

On or about January 31, 2011, at Lockport, in the Northern District of Illinois, Eastern Division, and elsewhere,

WALTER BEICH,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, the name and identification number of Physician B.D., during and in relation to a felony, namely a violation of Title 18, United States Code, Section 1347, as alleged in Count Nine of the indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1. The allegations of Counts One through Nine of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2. As a result of the violations of Title 18, United States Code, Section 1347, which relate to health care benefit programs, as alleged in the superseding indictment,

WALTER BEICH,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title, and interest he may have in any property, real and personal, constituting and derived, directly and indirectly, from gross proceeds traceable to the commission of the offenses.

3. The interests of defendant WALTER BEICH subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7), include but are not limited to funds in the amount of $2,400,000.

4. If any of the forfeitable property described above, as a result of any act or omission by the defendant WALTER BEICH:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third party;

    c.    Has been placed beyond the jurisdiction of the Court;

      d.    Has been substantially diminished in value; or

      e.    Has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____
FOREPERSON

_____
ZACHARY T. FARDON
United States Attorney